GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 09-230(A)-SVW |
| ) | |
| Plaintiff, ) | GOVERNMENT'S POSITION RE: |
| ) | SENTENCING OF DEFENDANT |
| v. ) | GABRIEL ORTIZ CRUZ |
| ) | |
| RAMON NARCISO MORALES MENDOZA, ) | |
| ET AL., ) | |
| ) | SENTENCING DATE: **10/26/2009** |
| Defendants. ) | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Gabriel Ortiz Cruz.

///

///

1  The United States' position regarding sentencing is based
2 upon the attached memorandum of points and authorities, the files
3 and records in this case, the Presentence Report, and any other
4 evidence or argument that the Court may wish to consider at the
5 time of sentencing.

7 DATED: October 13, 2009          Respectfully submitted,

8                                  GEORGE S. CARDONA
                                   Acting United States Attorney
9
                                   CHRISTINE C. EWELL
10                                 Assistant United States Attorney
                                   Chief, Criminal Division
11


                                          /s/
13                                 _____
                                   JUSTIN R. RHOADES
                                   Assistant United States Attorneys
14
                                   Attorneys for Plaintiff
15                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On August 17, 2009, defendant Gabriel Ortiz Cruz ("defendant") pled guilty to Count Six of the First Superseding Indictment, charging him with possession with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1).  Specifically, defendant admitted that he agreed to and did receive heroin on an on-going basis from co-defendant Jesus Mendoza and then sold the heroin to third persons.  Plea Agreement ¶ 11.  Defendant further admitted that on January 7, 2009, he knowingly possessed approximately 295.2 grams of heroin, approximately $3,000 in United States currency, digital scales, multi-colored balloons used for packaging heroin, a coffee grinder used to process heroin for distribution, and money transfer receipts at a residence in Maywood, California.  Id.  Defendant admitted that he knew that the substance he possessed was heroin, and that he possessed it with the intent to deliver it to another person.  Id.

**II.   THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 25, 2009.  The PSR calculated the total offense level as follows:

    Base Offense Level    :    26    U.S.S.G. § 2D1.1(c)(7)
    Acceptance of
    Responsibility        :    -3    U.S.S.G. § 3E1.1

PSR ¶¶ 28-43; Plea Agreement ¶ 14.  The PSR also calculated a criminal history category of I based on zero criminal history

1

points. PSR ¶¶ 45-48. The PSR calculated the guideline sentence to be 60 months based on the statutory mandatory minimum pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B), but noted that if defendant met the safety valve criteria of U.S.S.G. § 5C1.2, his guideline sentence would be 37-46 months. PSR ¶ 90. The USPO also calculated that defendant was subject to 4 years of supervised release (3-5 if eligible for safety valve), a mandatory special assessment of $100, and a fine between $10,000 and $2,000,000. PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

   The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. USPO Recommendation Letter. The Probation Officer found that defendant does not have the ability to pay a fine. <u>Id.</u> at 1. If defendant is found eligible for safety valve status, the USPO would recommend the low end of the advisory range, namely 37 months in prison. USPO Recommendation Letter.

**IV.   THE GOVERNMENT'S RECOMMENDATION**

   The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence of the low end of the sentencing guideline range applicable to defendant. The United States agrees that defendant has met all of the criteria to be eligible for safety valve status pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. 3553(f), and as a result, recommends that he be sentenced to a term of imprisonment of 37 months, followed by four years of supervised

2

release.[1]  The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

1. <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Here, defendant possessed with intent to distribute a significant quantity of heroin – he was found in possession of 295 grams.  Defendant received this heroin from individuals who were part of a larger distribution network.  However, defendant was only a very small part of that network and was not a leader or organizer.  Moreover, defendant appears to have a stable means of employment and a supportive family (PSR ¶¶ 52-59, 71-77), which will hopefully prevent recurrence of these crimes.  Accordingly, a sentence of 37 months reflects defendant's limited role in the drug distribution network and takes into consideration the fact that this is his first encounter with the criminal justice system.

2. <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

Based on the guidance of 18 U.S.C. § 3553(f), defendant's limited involvement in distributing narcotics merits a sentence below the mandatory minimum. Because of his role, defendant should be subject to a substantial, but respectively lower term of imprisonment. Additionally, defendant will be deported following his imprisonment. A sentence 37 months achieves the goal of punishing defendant for his conduct.

Moreover, a sentence over three years will serve to deter other persons – like defendant – who may come to the United States without authorization and attempt to engage in criminal conduct. While below the mandatory minimum, 37 months is still a considerable sentence and carries with it a strong element of deterrence.

### 3. Need to Avoid Unwarranted Sentence Disparities

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Imposing the recommended sentence will incarcerate defendant for a period shorter than that to be served by his co-defendants who distributed similar amounts of heroin, but who have previous convictions. Because this is defendant's first criminal conviction, a sentence below the 60 months received by co-defendants is warranted.

## V. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 37 months of imprisonment, four years of supervised release, and a special assessment of $100.